```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

STATE FARM FIRE AND CASUALTY      :
COMPANY,                          :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO. 3:08cv1778(RNC)
                                  :
RALSTON BROWN AND                 :
JUAN GONZALEZ,                    :
                                  :
     Defendants.                  :
```

RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR IN THE ALTERNATIVE AN ORDER COMPELLING ATTENDANCE AT DEPOSITION

The plaintiff, State Farm Fire and Casualty Company ("State Farm"), brings this declaratory judgment action against the defendant, its insured, Ralston Brown ("Brown"), who is proceeding pro se. Pending before the court is the plaintiff's motion for default judgment or in the alternative, an order compelling the defendant to attend his deposition. (Doc. #36.) The defendant has not filed a response to the motion of any kind. The motion is granted in part and denied in part.

On June 12, 2009, the plaintiff noticed the defendant's deposition to be conducted on July 7, 2009. The notice of deposition was sent by both regular U.S. mail and certified mail to the address then listed on the court's docket.[1] On July 7, 2009, plaintiff's counsel and a court reporter assembled for the

---

[1] On July 21, 2009, in response to a submission from the defendant, the court updated the defendant's address on the docket.

deposition but the defendant did not appear nor did he contact plaintiff's counsel.  This motion followed.

Federal Rule of Civil Procedure 37(d) provides that if a party fails to appear for a properly noticed deposition, the court may impose sanctions.  Such sanctions include an order "rendering a default judgment against the disobedient party" and an award of reasonable expenses, including attorney's fees.  Fed. R. Civ. P. 37(b)(2)(A)(vi), 37(d)(3).

The sanction of default judgment "is an extreme measure." Bambu Sales Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995).  At this juncture, the court declines to enter default judgment.  Instead, the defendant is ORDERED to appear at his deposition.  The deposition shall take place no later than **December 7, 2009** at the United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut.  The plaintiff shall contact the court to determine a room number for the deposition and then re-notice the deposition.

Although the court affords special solitude to parties appearing pro se, see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), "all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). "When they flout that obligation they, like all litigants, must suffer the consequences of their actions."  Id.   "[P]ro se

litigants are not generally familiar with the procedures and practices of the courts.  While they have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions."  <u>Bobal v. Rensselaer Polytechnic Institute</u>, 916 F.2d 759, 764 (2d Cir. 1990).  <u>See Interscope Records v. Barbosa</u>, No. 05-CV-5864, 2007 WL 14332, at *2 (E.D.N.Y. Jan. 3, 2007) ("[A] defendant's <u>pro se</u> status entitles [him] to notice of the risk of noncompliance).  Accordingly, **the defendant is cautioned that if he fails to comply with this court's order to attend his deposition, the court may, and likely will, impose sanctions, which may include default judgment and/or imposition of reasonable expenses, including attorney's fees**.

    SO ORDERED at Hartford, Connecticut this 6th day of November, 2009.

                                             _____/s/_____
                                             Donna F. Martinez
                                             United States Magistrate Judge